## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

| | |
|---|---|
| Anslem Hyndman,<br><br>    Plaintiff,<br><br> v.<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Citizens Bank, N.A.<br>Franklin American Mortgage Company,<br><br>    Defendants. | Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FCRA, 15 U.S.C. § 1681 *et seq.*** |

Plaintiff Anslem Hyndman ("Plaintiff"), by and through his counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against, Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Citizens Bank, N.A. ("Citizens"), and Defendant Franklin American Mortgage Company ("Franklin") (collectively, "Defendants").

## **INTRODUCTION**

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendants. Plaintiff contends that the Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports, and consequently

1

reported inaccurate information about Plaintiff. "Consumer reports" under 15 U.S.C. § 1681a(d) include both credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the FCRA, a federal law. *See* 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

3.     Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District since the Plaintiff resides here.

## PARTIES

4.     Plaintiff incorporates herein by reference all the above paragraphs of this Complaint as though fully set forth at length herein.

5.     Plaintiff is a natural person who resides in the city of Snellville, Gwinnett County, Georgia.

6.    Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.    Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in the form of "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax can be served through its registered agent, Corporation Service Company, Located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092-2865.

8.    Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Experian's can be served through its registered agent CT Corporation System located at 289 S Culver St Lawrenceville, GA 30046-4805.

9.    Defendant Citizens is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Citizens can be served c/o Corporation Service Company, located at 225 Asylum Street, Fl 20, Hartford, CT, 06103.

10.    Defendant Franklin is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Franklin is headquartered at 6100 Tower Circle Suite 600 Franklin, TN 37067 incorporated in the state of Georgia. Franklin can be served at its registered agent c/o C T Corporation System located at 28 Liberty Street, New York, NY, 10005.

11.    During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of Georgia and conducted business in the State of Georgia on a routine and systematic basis.

12.    Citizens and Franklin both regularly engage in the business of lending money to consumers and regularly relies upon the credit reports created by the CRA Defendants.

13.    Equifax, and Experian (collectively referred to as the "CRA Defendants") regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. The CRA Defendants regularly furnish consumer reports to third parties for monetary compensation, fees, and other dues, using means and facilities of interstate commerce, and is therefore a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f) of the FCRA.

14.    During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

15.    Any violations by Defendants were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## FACTUAL BACKGROUND

### *The Role of Credit Reporting Agencies*

16.    Plaintiff incorporates herein by reference all the above paragraphs of this Complaint as though fully set forth at length herein.

17.    The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

18.    Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

19.    The FCRA is intended to ensure CRAs exercise their weighty responsibilities with fairness, impartiality, and respect for the consumer's right to

privacy because CRAs have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

20. The CRA Defendants are the three major consumer reporting agencies (at times referred to collectively as "the CRAs," and individually as a "CRA") in the United States that regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports (i.e., credit reports).

21. The CRA Defendants' consumer reports generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

22. The CRA Defendants obtain consumer information from various sources. Some consumer information is sent directly to the CRA Defendants, and other information must be independently gathered by the CRA Defendants, or

acquired from third party providers, vendors or repositories, such as computerized reporting services like PACER or Lexis-Nexis.

23.    The CRA Defendants also obtains information from each other and other CRAs, who commonly share information.

24.    The CRA Defendants regularly seeks out and procures consumer bankruptcy filing and discharge information on a daily basis, with the intention of including it in the consumer reports that the CRA Defendants sell to third parties for a profit.

25.    The diligence the CRA Defendants exercise in uncovering and recording consumer bankruptcy filings is not replicated in the CRA Defendants' subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

26.    The CRA Defendants' unreasonable policies, procedures, and algorithms consistently fail to report consumer information accurately in their credit reports, as required by 15 U.S.C. § 1681e(b).

27.    The CRA Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, furnished and reported information, and information contained in their own files.

28.    The vast majority of institutions that offer financial services (like Citizens and Franklin) rely upon consumer reports from the CRA Defendants to make lending decisions.

29.    The information the CRA Defendants includes in a consumer report contributes to a consumers' overall creditworthiness and determines their FICO Scores.

30.    FICO Scores are calculated using information contained in the CRA Defendants' consumer reports.

31.    FICO Scores and other third-party algorithms use variables or "attributes" derived from a consumer's consumer report to calculate a "credit score," which is a direct reflection of a consumer's creditworthiness.

32.    FICO Scores factor the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

   a.  "Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

   b.  The "amount of debt" a consumer owes has a major impact on their credit score. When a CRA reports a debt as outstanding when it is in

fact discharged, the CRA indicates that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

33.    Accordingly, a consumer is negatively affected when a CRA reports that a debt was discharged in the bankruptcy when it was actually never in arrears and paid for outside of the bankruptcy with timely, monthly payments.

34.    The CRA Defendants are well aware that the effect of a Discharge Order in a Chapter 13 Bankruptcy is that only statutorily dischargeable debts are discharged.

35.    However, the CRA Defendants regularly report inaccurate information about consumers' debts after they receive a Discharge Order, such as erroneously marking an account as discharged through a bankruptcy when it was not included in the bankruptcy.

36.    Rather than follow reasonable procedures to assure maximum possible accuracy, as it is required by the FCRA, the CRA Defendants frequently report information regarding non-bankruptcy debts based on incomplete or knowingly inaccurate information.

37.    The CRA Defendants regularly publish consumer information that conflicts with the information provided by data furnishers, included in the CRA Defendants' credit files, contained in public records that the CRA Defendants

regularly access, and/or sourced through the CRA Defendants' independent and voluntary efforts.

38.    Such inaccuracies are made in violation of the FCRA at 15 U.S.C. § 1681e(b) and failing to conduct a reasonable reinvestigation after receiving a dispute from a consumer is a violation of the FCRA at 15 U.S.C. § 1681i(a).

39.    Consumers have filed thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints against the CRA Defendants for their inaccurate consumer reporting following a Chapter 13 Bankruptcy Discharge, including failure to accurately report which debts were discharged and failure to conduct a reasonable reinvestigation.

40.    Therefore, the CRA Defendants are on continued notice of its inadequate post-bankruptcy reporting procedures, which often produce inaccurate public record information, balances, and account and payment statuses.

*Plaintiff's Chapter 13 Bankruptcy*

41.    On or around April 11, 2017, Plaintiff opened took out a mortgage with Citizens, hereinafter "Citizens Account."

42.    On or around April 11, 2017, Plaintiff took out a mortgage with Franklin, hereinafter "Franklin Account."

43.    These accounts may in fact be the same account are improperly being double reported.

44.    On or around December 7, 2018, Plaintiff filed a joint Chapter 13 Bankruptcy in the Northern District of Georgia, petition no. 1:18-bk-70633.

45.    Upon information and belief, the Citizens Account and Franklin Account were not in arrears at the time of filing.

46.    The Chapter 13 Plan filed alongside Plaintiff's Chapter 13 Bankruptcy Petition made specific note that the Citizens Account and Franklin Account would be paid directly by the Plaintiff outside of the Chapter 13 Plan payments.

47.    Accordingly, the Citizens Account and Franklin Account were not included in the bankruptcy and were not discharged at the completion of the Chapter 13 Bankruptcy.

48.    As such, Plaintiff's credit reports should not be reporting that the Citizens Account and Franklin Account were discharged in Plaintiff's Chapter 13 Bankruptcy.

49.    However, each of the CRA Defendants prepared one or more consumer reports concerning Plaintiff after Plaintiff received an Order of Discharge from his Chapter 13 Bankruptcy.

50.    The CRA Defendants reported Plaintiff's credit history, including names of credit accounts, account numbers, account types, responsibility for the account (i.e., individual or joint accounts), the date the accounts were opened, statuses, and the date of the last status update.

51.     However, the CRA Defendants erroneously report that the Citizens Account and Franklin Account were accounts that were discharged in Plaintiff's Chapter 13 Bankruptcy.

52.     Upon information and belief, the CRA Defendants received notice of Plaintiff's Chapter 13 Bankruptcy through their independent collection of Plaintiff's consumer information through vendors such as Lexis-Nexis, as well as from furnishers that provided data regarding the individual tradelines featured on Plaintiff's consumer reports.

53.     The CRA Defendants are aware that they are generally required to report accounts that were actually discharged in the bankruptcy proceedings as included and discharged in bankruptcy and the accounts that were not discharged to not be reported as discharged.

54.     The CRA Defendants knew or should have known that the Citizens Account and Franklin Account were <u>not</u> included and discharged in the Plaintiff's Chapter 13 Bankruptcy.

55.     Therefore, the CRA Defendants should have reported the Citizens Account and Franklin Account as accounts that were current and being paid outside of Chapter 13 Bankruptcy.

56.    Instead, the CRA Defendants incorrectly reported the Citizens Account and Franklin Account as accounts that were discharged in Plaintiff's Chapter 13 Bankruptcy.

### *The CRA Defendants' Credit Reports*

57.    The Plaintiff reviewed his credit reports prepared by each of the CRA Defendants after receiving his discharge from his Chapter 13 Bankruptcy.

58.    The CRA Defendants' reports were created on or around February 2024, after Plaintiff's Chapter 13 Bankruptcy and after Plaintiff received an Order of Discharge.

59.    Each of the CRA Defendants' credit report listed Plaintiff's Citizens Account and Franklin Account as being accounts included in the Chapter 13 Bankruptcy and discharged.

60.    The name, social security number, and address in Plaintiff's Chapter 13 petition match the information listed on his consumer reports prepared by the CRA Defendants.

61.    Furnishers reported the Plaintiff's bankruptcy and discharge information to the CRA Defendants.

62.    Citizen and Franklin, being furnishers, should have reported to the CRA Defendants that Plaintiff was making timely monthly payments as agreed.

63.    The CRA Defendants knew or should have known which accounts were discharged in Plaintiff's bankruptcy and which accounts were not included in the bankruptcy and not discharged.

64.    The CRA Defendants reported other accounts that were paid outside of Plaintiff's Chapter 13 Bankruptcy and correctly reports the accounts as not discharged from the bankruptcy.

65.    However, the Citizens Account and Franklin Account were incorrectly reported on the credit reports prepared by the CRA Defendants.

66.    If the CRA Defendants had reasonable procedures in place, they would have easily determined that the Citizens Account and Franklin Account were not discharged in Plaintiff's Chapter 13 Bankruptcy because the information needed to report the accounts properly was readily available to the CRA Defendants.

67.    Upon information and belief, Lexis-Nexis furnished information to the CRA Defendants that indicated Plaintiff had filed for bankruptcy and received a discharge on certain accounts, but the CRA Defendants failed to report the data they received accurately and incorrectly attributed the bankruptcy discharge to the Citizens Account and Franklin Account.

68.    In addition, public records reflecting Plaintiff's bankruptcy filing and subsequent discharge are readily available to the CRA Defendants through multiple

sources such as PACER, but the CRA Defendants failed to review those sources or knowingly rejected them.

69.    In any event, the CRA Defendants knew or had reason to know that the reported information was contradicted by notices received from third parties as well as from the bankruptcy proceedings themselves.

70.    The CRA Defendants inaccurately and incorrectly reported that the Citizens Account and Franklin Account were discharged in Plaintiff's Chapter 13 Bankruptcy when they were not.

71.    The CRA Defendants' reporting of the Citizens Account and Franklin Account is patently inaccurate.

72.    If not patently inaccurate, the CRA Defendants' reporting of the Citizens Account and Franklin Account is materially misleading.

<u>*Failure to Investigate by the Defendants*</u>

73.    Upon information and belief, the CRA Defendants prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Citizens Account and Franklin Account.

74.    Specifically, the CRA Defendants reported the Citizens Account and Franklin Account as accounts that were discharged in Plaintiff's Chapter 13 Bankruptcy when the Chapter 13 Plan stated that these accounts will be paid for and

maintained outside of the Chapter 13 Bankruptcy and in fact this is exactly what occurred.

75.    The CRA Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

76.    On or around February 28, 2024, Plaintiff mailed a dispute letter to each of the CRA Defendants, disputing the accuracy of the information in his credit reports and explaining that the Citizens Account and Franklin Account were not included in his Chapter 13 Bankruptcy.

77.    Pursuant to 15 U.S.C. § 1681i(a)(2)(A), a CRA "shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller."

78.    Upon information and belief, the CRA Defendants notified Citizens and Franklin of the Plaintiff's dispute regarding their accounts.

79.    Upon receipt of the dispute of Plaintiff's account information from the CRA Defendants, Citizens and Franklin failed to conduct a reasonable investigation

and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

80.    Had Citizens done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Citizens that the account was not discharged in bankruptcy and should be not be reported as such.

81.    However, Equifax and Experian did not update and correct the Citizens Account information even after they received and reviewed Plaintiff's dispute letter.

82.    Equifax and Experian both responded to Plaintiff's dispute letter stating that their reporting was found to be accurate.

83.    Had Franklin done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Franklin that the account was not discharged in bankruptcy and should not be reported as such.

84.    However, Equifax and Experian did not update and correct the Franklin Account information even after they received and reviewed Plaintiff's dispute letter.

85.    Equifax and Experian both responded to Plaintiff's dispute letter stating that their reporting was found to be accurate

86.    Despite the dispute by the Plaintiff that the information on his consumer reports were inaccurate with respect to the disputed accounts, the CRA Defendants did not timely evaluate or consider any of the information, claims, or evidence of the

Plaintiff and did not reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

87.    The CRA Defendants violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

88.    Had the CRA Defendants done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the CRA Defendants that the disputed accounts were not discharged in Plaintiff's Chapter 13 Bankruptcy and should be reported as such.

89.    The CRA Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

90.    Notwithstanding Plaintiff's efforts, the CRA Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

91.    As a result of the Defendants' failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit,

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

### *Plaintiff's Damages*

92.    As a preliminary matter, the CRA Defendants improperly marked the Citizens Account and Franklin Account as accounts that were included in the Plaintiff's Chapter 13 Bankruptcy.

93.    Plaintiff's creditworthiness is lowered because the CRA Defendants mark the Citizens Account and Franklin Account as accounts that were discharged when they should have been reported as paid currently outside of the Plaintiff's Chapter 13 Bankruptcy.

94.    As an individual attempting to improve his credit score for future credit transactions, the Plaintiff was harmed because of the CRA Defendants' reporting of the Citizens Account and Franklin Account.

95.    A debt that was discharged in a bankruptcy has a negative effect on a consumer's creditworthiness compared to a debt that was paid for timely, which has a positive effect on a consumer's creditworthiness.

96.    The CRA Defendants' inaccurate reporting of the Citizens Account and Franklin Account were published to multiple organizations, companies, and financial institutions by the CRA Defendants after Plaintiff received a discharge in his Chapter 13 Bankruptcy.

97.    Potential credit grantors reviewed Plaintiff's consumer reports prepared by the CRA Defendants, as evidenced by soft and hard pulls on Plaintiff's credit report.

98.    The inaccurate credit reports were created by the CRA Defendants after Plaintiff's Chapter 13 Bankruptcy and after Plaintiff received an Order of Discharge and also after Plaintiff notified them of his dispute regarding the Citizens Account and Franklin Account.

99.    Plaintiff's consumer credit file and consumer reports were also reviewed by numerous other entities after the discharge of his bankruptcy; those entities viewed the erroneous information published by the CRA Defendants, as evidenced by the hard and soft inquiries made to Plaintiff's credit information.

100.    As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101.    As a direct result of Defendants' inaccurate reporting and failure to investigate, Plaintiff suffered damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

102.   As a direct result of Defendants' inaccurate reporting and failure to investigate, Plaintiff also suffered actual damages in the form of attorneys' fees incurred.

103.   Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, disturbance of sleep, reputational damage, humiliation, stress, anger, frustration, shock, invasion of Plaintiff's privacy, embarrassment, and anxiety.

## COUNT I

### *THE CRA DEFENDANTS' VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)*

104.   Plaintiff incorporates herein by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

105.   Pursuant to 15 U.S.C. § 1681e(b), the FCRA requires CRAs to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information.

106.   The CRA Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of credit information for non-bankruptcy debts after a consumer receives a Discharge Order.

107.   The CRA Defendants received notice of Plaintiff's bankruptcy and discharge through public records, independent collection of consumer information

directly obtained by the CRA Defendants through sources of consumer information such as Lexis-Nexis, the CRA Defendants' own files, and information provided by data furnishers, yet the CRA Defendants misapplied that information.

108.   The CRA Defendants' unreasonable policies and procedures cause it to routinely report inaccurate and materially misleading information about consumers, including Plaintiff, who file Chapter 13 Bankruptcies.

109.   The CRA Defendants' unreasonable policies and procedures cause them to regularly report consumer information without verifying its accuracy.

110.   The CRA Defendants' unreasonable policies, procedures and/or algorithms consistently fail to identify and report non-bankruptcy debts accurately as required by 15 U.S.C. § 1681e(b).

111.   The CRA Defendants know the information that they report about consumers' bankruptcies is often inconsistent with public records and their own files.

112.   In this case, the inaccurately reported Citizens Account and Franklin Account were accounts that the CRA Defendants knew were excluded from Plaintiff's Chapter 13 Bankruptcy and Chapter 13 Plan.

113.   However, the CRA Defendants incorrectly reported the Citizens Account and Franklin Account as accounts that were discharged through Plaintiff's Chapter 13 Bankruptcy.

114.   Contrary to what was reported by the CRA Defendants, the Citizens Account and Franklin Account were timely and consistently paid outside of Plaintiff's Chapter 13 Bankruptcy.

115.   The CRA Defendants' failure to maintain and employ reasonable procedures to assure the maximum accuracy of consumers' non-bankruptcy accounts is particularly egregious because the CRA Defendants regularly and voluntarily search for consumer bankruptcy information to include in credit files.

116.   The CRA Defendants knew or should have known that they are obligated, by the FCRA, to maintain and employ reasonable procedures to assure they report maximally accurate consumer credit information.

117.   The CRA Defendants knew or should have known that they are obligated, by the FCRA, to update their consumer reports and the relevant tradelines after receiving notice of a Chapter 13 Bankruptcy and to report the relevant accounts accurately.

118.   The CRA Defendants' obligations are established by the plain language of the FCRA, promulgated by the Federal Trade Commission, supported by well-established case law, and demonstrated in prior cases involving the CRA Defendants.

119.   Therefore, the CRA Defendants have ample notice of their obligations under the FCRA and their continued use of unreasonable procedures.

120.   If the CRA Defendants contend that they did not have sufficient notice, the CRA Defendants must justify their own failure to review and/or locate the substantial written materials that detail CRAs' duties and obligations under the FCRA, including when consumers file for bankruptcy.

121.   The CRA Defendants regularly conduct voluntary public records searches with the intention of including bankruptcy information on the consumer reports they sell to other parties for a profit.

122.   Unfortunately, the CRA Defendants willfully and consciously breached their duties as a CRA and deprived Plaintiff of his right to a fair and accurate consumer report.

123.   Despite knowledge of their legal obligations, the CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer reports.

124.   The CRA Defendants know that a debt that was not included and not discharged in a bankruptcy should not be reported as discharged on credit reports.

125.   The CRA Defendants knew or should have known the information they reported about the Citizens Account and Franklin Account was inaccurate.

126.   Yet, in this case, the CRA Defendants reported the Citizens Account and Franklin Account as accounts that were discharged when they were being paid timely outside of the Plaintiff's Chapter 13 Bankruptcy.

127.   The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to report accurate information when the CRA Defendants knew or should have known that the information the CRA Defendants are reporting is inaccurate, and/or otherwise contradicted by information known by the CRA Defendants, reported to the CRA Defendants, and/or reasonably available to the CRA Defendants.

128.   The CRA Defendants' violations of 15 U.S.C. § 1681e(b) were willful.

129.   Alternatively, the CRA Defendants' violations of 15 U.S.C. § 1681e(b) were negligent.

130.   The CRA Defendants' inaccurate reporting damaged Plaintiff's creditworthiness.

131.   Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by the CRA Defendants for failing to report the Citizens Account and Franklin Account as accounts that were timely paid outside of Plaintiff's Chapter 13 Bankruptcy.

132.   Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, loss of sleep, stress, anger, frustration, shock, embarrassment, and anxiety.

133.   The CRA Defendants' actions are a direct and proximate cause of Plaintiff's damages.

134.   The CRA Defendants' actions are a substantial factor in Plaintiff's damages.

135.   Therefore, the CRA Defendants are liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## COUNT II

### *THE CRA DEFENDANTS' VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)*

136.   Plaintiff incorporates herein by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

137.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A), after receiving a notice of dispute from a consumer, a credit reporting agency is obligated to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file."

138.   Pursuant to 15 U.S.C. § 1681i(a)(5)(C), "[a] consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph."

139.   The CRA Defendants violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from Plaintiff's credit file after receiving actual notice of such inaccuracies and failing to conduct a reasonable reinvestigation.

140.   The CRA Defendants failed to maintain policies and procedures to adequately respond to a dispute by a consumer regarding information contained in their reports.

141.   Plaintiff's dispute letters point out the issues with the CRA Defendants' credit reports, which were erroneous because the Citizens Account and Franklin Account, which were paid on time by the Plaintiff, were reported as discharged in Plaintiff's Chapter 13 Bankruptcy.

142.   The CRA Defendants' negligently and/or willfully violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation into the disputed information from Plaintiff's dispute letters and correcting the inaccurate information reported pertaining to the Citizens Account and Franklin Account.

143.   The CRA Defendants' post-dispute credit reports still contain wrong information pertaining to the Citizens Account and Franklin Account.

144.   The CRA Defendants' unreasonable policies and procedures cause them to routinely fail at conducting a reasonable investigation regarding the disputed information.

145. The CRA Defendants' unreasonable policies and procedures cause them to regularly report consumer information without verifying its accuracy even after receiving a dispute from a consumer.

146. The CRA Defendants know that in response to a dispute letter from a consumer, they must conduct a reasonable investigation into the dispute and must clarify any mistake or error made by them on any credit reports.

147. The CRA Defendants' failure to maintain and employ reasonable procedures to assure the maximum accuracy of consumers' post-bankruptcy accounts is particularly egregious because they regularly and voluntarily search for consumer bankruptcy information to include in credit files.

148. The CRA Defendants' inadequate procedures damaged Plaintiff's creditworthiness.

149. Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by the CRA Defendants' failure to respond to his dispute letters and update the disputed tradelines.

150. Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, loss of sleep, stress, anger, frustration, shock, embarrassment, and anxiety.

151. The CRA Defendants' actions are a direct and proximate cause of Plaintiff's damages.

152.   The CRA Defendants' actions are a substantial factor in Plaintiff's damages.

153.   Therefore, the CRA Defendants are liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## COUNT III

### *CITIZENS AND FRANKLIN VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2*

154.   Plaintiff incorporates herein by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

155.   Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report. *See* 15 U.S.C. § 1681s-2.

156.   Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency. *See* 15 U.S.C. § 1681i(a)(2)(A).

157.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate,

the information from a furnisher such as the Defendant Citizens and Defendant Franklin must be reported to all other agencies which were supplied such information. *See* 15 U.S.C. § 1681s-2(a)(2).

158.    Upon information and belief, the CRA Defendants notified Citizens and Franklin of the Plaintiff's dispute regarding their accounts.

159.    Upon receipt of the dispute of the account from the Plaintiff by the CRA Defendants, Citizens and Franklin failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

160.    Citizens and Franklin violated 15 U.S.C. § 1681s-2 by:

   a.  failing to fully and properly investigate the dispute of the Plaintiff;

   b.  by failing to review all relevant information regarding the same; and

   c.  by failing to correctly report results of an accurate investigation to the credit reporting agencies.

161.    As a result of the conduct, action and inaction of Citizens and Franklin, Plaintiff suffered damages for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

162.   The conduct, action and inaction of Citizens and Franklin were willful, rendering them liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

163.   Alternatively, the conduct, action and inaction of Citizens and Franklin were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

164.   Citizens and Franklin's procedures damaged Plaintiff's creditworthiness.

165.   Citizens and Franklin's actions are a direct and proximate cause of Plaintiff's damages.

166.   Citizens and Franklin's actions are substantial factors in Plaintiff's damages.

167.   Therefore, Citizens and Franklin are liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a)   Declaratory judgment that, Defendant Equifax, and Defendant Experian violated the FCRA at 15 U.S.C. §§ 1681e(b) and 1681i(a);

31

(b)    Declaratory judgment that Defendant Citizens and Defendant Franklin violated the FCRA at 15 U.S.C. § 1681s-2;

(c)    An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(d)    An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(e)    An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2),

(f)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

(g)    Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## **JURY DEMAND**

Plaintiff hereby demands jury trial on all issues so triable.

Dated: January 13, 2025              Respectfully submitted,

                                      s/ *Misty Oaks Paxton*
                                      By:  Misty Oaks Paxton, Esq.
                                      3895 Brookgreen Pt.
                                      Decatur, GA, 30034
                                      Phone: (404) 725-5697
                                      Fax: (775) 320-3698
                                      attyoaks@yahoo.com
                                      *Attorney for Plaintiff*